**HUI–JING SUN, Petitioner,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

**No. 06–4593–ag.**

United States Court of Appeals, Second Circuit.

Aug. 13, 2007.

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General; Linda S. Wernery, Assistant Director; Scott Rempell, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: PIERRE N. LEVAL, ROSEMARY S. POOLER and RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Hui–Jing Sun, a native and citizen of the People's Republic of China, seeks review of a September 15, 2006 order of the BIA affirming the April 7, 2005 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Sun's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui–Jing Sun,* No. A 71 557 193 (B.I.A. Sept. 15, 2006), *aff'g* No. A 71 557 193 (Immig. Ct. N.Y. City Apr. 7, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 335 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, without addressing Sun's demeanor, the IJ advanced the following reasons for his adverse credibility finding: (1) there was no evidence that Sun practiced Falun Gong in China or that authorities wanted to arrest her; (2) Sun's assertion that authorities wanted to arrest her was not supported by letters from her family and friend; (3) Sun's testimony as to the length of time she spent in hiding at her aunt's house was contradicted by her aunt's letter; and (4) Sun provided contradictory testimony as to the identity of the person who informed her of her parents' arrest. Each of these findings is flawed.

Before rejecting an asylum applicant's testimony, an "IJ must provide specific, cogent reasons for doing so." *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks and citations omitted). Here, other than insinuating that Sun's knowledge of Falun Gong was "cursory," the IJ failed to provide any explanation for discrediting her testimony that she had practiced Falun Gong in China. A lack of doctrinal knowledge cannot be held against an applicant who, like Sun, does not claim to be an expert in or have a deep understanding of the religion or practice in question. *See Yose Rizal v. Gonzales*, 442 F.3d 84, 90 (2d Cir.2006). The IJ further failed to address a letter from Sun's fellow students and a certificate from the Villagers Committee of Chuanshi Village indicating that Sun read Falun Gong books in China. We also find error in the IJ's analysis of a letter from Sun's parents, which detailed their practice of Falun Gong and resulting arrest, but did not include a statement that Sun had practiced Falun Gong in China. An omission of such a detail in a corroborating document may be sufficient to discredit testimony already deemed not credible. *See Surinder Singh v. B.I.A.*, 438 F.3d 145, 148 (2d Cir.2006). Here, the IJ mistakenly found that Sun had given multiple reasons for why the letter did not indicate that Sun practiced Falun Gong; however, the referenced explanations were given in response to questions regarding her aunt's letter and not her parents' letter. *See Ming Shi Xue v. BIA*, 439 F.3d 111, 125 (2d Cir.2006) (stating that it is the IJ's duty to ensure that the record include both an applicant's explanation for non-"dramatic" discrepancies and the IJ's reasons for rejecting such an explanation).

The IJ also erred in finding that Sun's statement that police came to her school to *arrest* her was not supported by letters from her family and friend stating that police came to her school *looking* for her. The IJ concluded that "[t]he letters from the classmates, as well as from the aunt, merely confirm that the police at some point wished to question the respondent after her parents were arrested." The IJ's unexplained conclusion that police were looking for Sun merely to speak to her "at some point" was unreasonable, particularly given the fact that police had arrested her parents for practicing Falun Gong the day before they began looking for her. *See Gao v. Gonzales*, 424 F.3d 122, 131 (2d Cir.2005)

The IJ next concluded that Sun did not hide from authorities at her aunt's house because her testimony that she stayed at her aunt's house for two or three days was contradicted by her aunt's letter, which stated that Sun remained in hiding at her house until she left China. We are compelled to credit Sun's explanation that she left her aunt's house with smugglers who helped her leave the country and that her aunt equated her departure with the smugglers with her having left the country. *Cf. Majidi v. Gonzales*, 430 F.3d 77,

80 (2d Cir.2005) (requiring petitioner to demonstrate that a reasonable fact-finder would be compelled to credit petitioner's explanation for inconsistent statements in order to overcome an adverse credibility finding). As further support for his conclusion, the IJ noted that Sun failed to include her aunt's address or the place she stayed with smugglers as former residences on her Form I–589. However, contrary to the IJ's assertion, Sun's Form I–589 actually supports her testimony that she went into hiding following her parents' arrest, as she indicated on the form that she stayed at various places between "06/2003," the date of her parents' arrest, and "01/2004," the date of her arrival in the United States.

The final inconsistency the IJ identified as support for his adverse credibility determination surrounded the identity of Sun's neighbors.[1] In response to a question about how she had learned of her parents' arrest, Sun testified that her neighbor, "Hua Jiae Sun," had come to her school to inform her of the arrest. Later in the hearing, during a discussion about another neighbor's letter, the IJ asked Sun who had called her at her aunt's house. Sun stated that "Hua Yong Sun" was the neighbor who had called her. The IJ insisted that these two statements made by Sun were contradictory because she had identified two different people in response to the same question. This finding was clearly erroneous as Sun was responding to two different questions.

As none of the IJ's findings in support of his adverse credibility determination were free from error, we remand for further proceedings. *Zheng v. Gonzales*, 440 F.3d 76, 79–80 (2d Cir.2006). Moreover, as the IJ's decision to deny Sun's withholding and CAT claims was predicated on his flawed adverse credibility determination, these claims must also be remanded. Accordingly, we grant the petition for review.

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision.

---

**1.** The IJ mentioned elsewhere in his decision that Sun testified that on June 11, 2000, a friend informed her of her parents' arrest. When the IJ remarked that June 11, 2000 was three years before their arrest, Sun immediately corrected her testimony stating that she had intended to say June 11, 2003. The IJ remarked that ordinarily such a discrepancy would not be evidence of a lack of credibility, but in light of the additional inconsistencies in Sun's testimony he found the error to be further support for his finding. Given that we find each of the IJ's enumerated reasons for his credibility finding flawed or erroneous, this minor misstatement, which Sun immediately corrected, was not alone sufficient support for an adverse credibility determination. *See Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000) (finding that minor, isolated inconsistencies do not support an adverse credibility determination).